UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUELL SMITH,<br><br>  Petitioner,<br><br>v.<br><br>J. SUTTON, Warden, et al.,<br><br>  Respondents. | Case No.: 21-CV-661 JLS (BGS)<br><br>**ORDER (1) DISMISSING CASE WITHOUT PREJUDICE AND (2) DENYING MOTION TO STAY AND REQUEST TO APPOINT COUNSEL AS MOOT**<br><br>(ECF Nos. 1, 2) |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a November 4, 2020 San Diego Superior Court judgment in case number SCD137023. *See* ECF No. 1. Petitioner has also filed a motion to stay and a request for appointment of counsel. *See* ECF No. 2.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has not paid the $5.00 filing fee and has not filed an application to proceed *in forma pauperis*. Because this Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed *in forma pauperis*, the Petition is subject to dismissal without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

/ / /

1

# ABSTENTION

It is also evident that the Petition must be dismissed because the Court is barred from considering Petitioner's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45–46; *see Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (noting *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings"). These concerns are particularly important in the habeas context, where a state prisoner's conviction may be reversed on appeal, thus rendering the federal matter moot. *Sherwood v. Thompkins*, 716 F.2d 632, 634 (9th Cir. 1983). Thus, absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).

All three criteria are satisfied here, and Petitioner has not established extraordinary circumstances. First, Petitioner indicates he has yet to file a direct appeal, much less receive a decision on direct appeal from the California Court of Appeal. *See* ECF No. 1 at 2 ("Appeal on new judgment is underway now, not even filed yet."); *see also id.* at 6. Second, it is not only clear that Petitioner's criminal case remains ongoing in state court, but also that such proceedings involve important state interests. Finally, Petitioner fails to show he has not been, and will not be, afforded an adequate opportunity to raise his federal issues in state court. Indeed, Petitioner's claims of insufficient evidence, prosecutorial failure to disclose favorable evidence concerning the credibility of a witness, and prosecutorial interference in presentation of witnesses are the types of claims state courts provide an opportunity to raise on direct appeal. Accordingly, abstention is required here.[1]

---

[1] Previously, in another case in this District, the Court conditionally granted Petitioner's prior federal petition as to count 75 and ordered the State to recalculate Petitioner's sentence or retry him on that count

*See Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** the Petition (ECF No. 1) for failure to satisfy the filing fee requirement and because the Court must abstain from interference in the ongoing state court proceedings. Accordingly, the Court **DENIES AS MOOT** Petitioner's motion for stay and request for appointment of counsel (ECF No. 2).

**IT IS SO ORDERED.**

Dated: April 22, 2021

Hon. Janis L. Sammartino
United States District Judge

---

within a reasonable amount of time. *See* ECF No. 43 at 166 in Case No. 06-CV-2546 MMA (BLM) (S.D. Cal.). In a November 30, 2018 Order, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court but acknowledged the district court's order conditionally granting habeas relief and indicated its own order was "without prejudice as to the applicant filing a section 2254 habeas petition in the district court after the state court enters a new judgment upon resentencing or after retrial." ECF No. 10 in Case No. 17-72075 (9th Cir.). Petitioner indicates his new judgment was issued on November 4, 2020. *See* ECF No. 1 at 1. For the reasons provided herein, regardless of whether Petitioner intended with the instant filing to attempt to reopen his prior case or initiate a new case, the Court must still abstain.